```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
```
_____

MICHAEL MATTOX,                  )
                                 )
    Plaintiff,                   )
                                 )
VS.                              )   No. 19-2013-MSN-dkv
                                 )
MATA (MEMPHIS AREA TRANSIT       )
AUTHORITY),                      )
                                 )
    Defendant.                   )

_____

REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL
AND
ORDER DENYING MOTION TO EXTRACT PAGES AND ENTER A SEPARATE LAWSUIT
AND
ORDER DENYING MOTION TO ANNEX MORE INJUNCTIONS
AND
ORDER DENYING MOTION TO ENTER EVIDENCE

_____

On January 2, 2019, the plaintiff, Michael Mattox, filed a *pro se* complaint against MATA (Memphis Area Transit Authority), ("MATA") titled "Injunction Lawsuit." (Compl., ECF No. 1.) Additionally, Mattox filed a motion to proceed *in forma pauperis*, (ECF No. 2), which the court granted on January 10, 2019, (ECF No. 6). On February 21, 2019, Mattox filed a series of documents titled "2244: Injunction Lawsuit," (ECF No. 7), some of which Mattox refiled as an attachment to a motion titled "Motion for Civil Lawsuit," which he filed on February 28, 2019, (ECF No. 8). In addition to the "Motion for Civil Lawsuit," on February 28,

2019, Mattox filed a "Motion to Annex More Injunctions," (ECF No. 9), and a "Motion to Enter Evidence," (ECF No. 10).

This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order. 2013-05, Apr. 29, 2013.) For the reasons that follow, it is recommended that the complaint be dismissed *sua sponte*. In addition, Mattox's "Motion for Civil Lawsuit," (ECF No. 8), "Motion to Annex More Injunctions," (ECF No. 9), and "Motion to Enter Evidence," (ECF No. 10), are denied.

## I. PROPOSED FINDINGS OF FACT

Mattox's *pro se* complaint contains very little factual information.[1] His sole factual allegation in the entire two-page complaint is that MATA "does not give [a] $1.75 receipt for their one-way ride," which Mattox "has used on occasion and needs for tax write offs for [his] business." (Compl. ¶ 1, ECF No. 1.) Mattox claims in conclusory fashion that MATA committed the following constitutional violations:

    8th amendment cruel & unusual punishment;
    13th amendment slavery;
    5th & 14th amendment due process rights.

(*Id.* at ¶ 2.)

---

[1]Notably, Mattox does not specify any dates concerning the events alleged in the complaint.

2

Mattox seeks punitive damages in the amount of one zillion dollars and injunctive relief in the form of a court order to "giv[e] receipts also for $1.75 ride" and to instate Mattox as the "Chief Executive Officer & President of Mata." (*Id.* at ¶ 3.)

II.   ANALYSIS

A.   28 U.S.C. § 1915(e)(2)(B) Screening

Pursuant to Local Rule 4.1(b)(2), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2)(B). The clerk is authorized to issue summonses to *pro se* litigants only after that review is complete and an order of the court issues. This report and recommendation will constitute the court's screening of Mattox's complaint.

The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action:

   (i)   is frivolous or malicious;

   (ii)  fails to state a claim on which relief may be granted; or

   (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

B.   Standard of Review for Failure to State a Claim

In assessing whether Mattox's complaint states a claim on which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied.  *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  To survive Rule 12(b)(6) following *Iqbal* and *Twombly*, a complaint must "'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009)(quoting *Iqbal*, 556 U.S. at 678).  The court "construes the complaint in a light most favorable to the plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief.  *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012).  However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Iqbal*, 556 U.S. at 679.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed."  *Williams v. Curtin*, 631 F.3d

4

380, 383 (6th Cir. 2011)(quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Further, the courts are not required to act as counsel for a *pro se* litigant; nor are they required to sort through the pleadings to create a claim on behalf of the plaintiff. *Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("[D]istrict judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.")(internal quotation marks omitted). Requiring the court "to ferret out the strongest cause of action on behalf of *pro se* litigants . . . would transform the courts from neutral arbiters of disputes into advocates for a particular party." *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011). "While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue." *Id.*

C. Mattox's Constitutional Violation Claims

To state a claim under 42 U.S.C. § 1983, a plaintiff must plead that he or she suffered (1) a deprivation of rights secured by the Constitution or federal statutes that is (2) committed by

5

a person acting under color of state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970). According to MATA's 2017 Title VI Program Update, MATA "is a public transportation system established pursuant to state and local law . . . governed by a Board of Commissioners who are appointed by the City of Memphis Mayor and confirmed by the Memphis City Council."[2] The court will therefore assume, for purposes of this analysis, that MATA is subject to suit under 42 U.S.C. § 1983 as a local government entity and will treat Mattox's "Injunction Lawsuit" as a complaint against MATA pursuant to § 1983 for violations of the Fifth, Eighth, Thirteenth, and Fourteenth Amendments.

A governmental entity is liable under § 1983 if an "officially executed policy, or the toleration of a custom within [it] leads to, causes, or results in the deprivation of a constitutionally protected right." *Doe v. Claiborne Cty., Tenn. By & Through Claiborne Cty. Bd. of Educ.*, 103 F.3d 495, 507 (6th Cir. 1996)(citing *Monell v. Dep't of Soc. Servs. of New York,* 436 U.S. 658, 690-91 (1978)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir.

---

[2]MATA's 2017 Title VI Program Update is available at http://www.matatransit.com/sites/default/files/Planning%20Docs/MATA%202017%20Title%20VI%20Program%20Update_FINAL_2-20-18.pdf.

1994)(quoting *Polk Co. v. Dodson*, 454 U.S. 312, 326 (1981)(citation omitted)). However, a "municipality cannot be held liable *solely* because it employs a tortfeasor — or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691. Accordingly, for Mattox "to demonstrate municipal liability, he must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003).

Mattox does not assert a valid claim against MATA under 42 U.S.C. § 1983 because the complaint does not allege any facts that show that any MATA policy caused Mattox constitutional harm. Section 1983 provides a remedy for a violation of a person's rights under the Constitution or federal laws; it is not a source of substantive rights. *Johnson v. City of Detroit*, 446 F.3d 614, 618–22 (6th Cir. 2006). Thus, a plaintiff must allege a specific rights violation to successfully state a claim under § 1983. *Id.* However, "[w]hen no constitutional harm has been inflicted upon a victim, damages may not be awarded against a municipality." *Epps v. Lauderdale Cty., Tennessee*, 45 F. App'x 332, 334 (6th Cir. 2002); *see also Bruederle v. Louisville Metro Gov't*, 687 F.3d 771, 777 (6th Cir. 2012)("A plaintiff's failure to demonstrate constitutional harm defeats municipal liability."). In his

complaint, Mattox refers to MATA's receipt-of-purchase policy[3] and asserts that this policy violates his constitutional rights under the Fifth, Eighth, Thirteenth, and Fourteenth Amendments because he "has used [the bus] on occasion and needs [the receipt] for tax write offs for [his business]." (Compl. ¶ 1, ECF No. 1.) Mattox's complaint does not, however, include any factual allegations showing that he has personally suffered any harm due to MATA's sales-receipt policy.[4]  Accordingly, because Mattox fails to demonstrate that he has suffered any constitutional harm, he has failed to state a claim for which relief may be granted against MATA.

---

[3]Mattox claims that MATA "does not give $1.75 receipt for their one-way ride." (Compl. ¶ 1, ECF No. 1.)

[4]To the extent that Mattox is attempting to claim that his business was harmed, because Mattox is proceeding *pro se* he cannot represent the interests of his business entity. Although a *pro se* litigant may represent himself with regard to his own claims, he may not act in a representative capacity on behalf of others. *Salaam v. McKee*, No. 5:05-cv-97, 2006 WL 2590509, at *1 (W.D. Mich. Aug. 2, 2006), *report and recommendation adopted*, No. 5:05-cv-97, 2006 WL 2583276 (W.D. Mich. Sept. 7, 2006); *see also Zanecki v. Health All. Plan of Detroit*, 576 F. App'x 594, 595 (6th Cir. 2014)("'Because, by definition, pro se means to appear on one's own behalf, a person may not appear pro se on another person's behalf in the other's cause of action.'")(quoting *Cavanaugh ex rel. Cavanaugh v. Cardinal Local Sch. Dist.*, 409 F.3d 753, 755 (6th Cir.2005), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City. Sch. Dist.*, 550 U.S. 516, 127 S.Ct. 1994, 167 L.Ed.2d 904 (2007)).

D.   Motion to Extract Pages and File a Separate Lawsuit

On February 21, 2019, Mattox filed a series of documents titled "2244: Injunction Lawsuit" that appear to be pleadings filed in a separate civil lawsuit against the State of Kansas. (ECF No. 7.)  On February 28, 2019, Mattox refiled a portion of these documents as an attachment to a motion titled "Motion for Civil Lawsuit," in which he requested that the court "take pages . . . of case 2:19-cv-02013 and make it a separate civil lawsuit."  (ECF No. 8.)  The court does not have the authority to file a lawsuit on Mattox's behalf.  Mattox's "Motion for Civil Lawsuit" is therefore denied.

E.   Motion to Annex More Injunctions and Motion to Enter in
     Evidence

On February 28, 2019, Mattox filed a motion titled "Motion to Annex More Injunctions," in which Mattox requests that the court allow him to "add more injunctions" and proceeds to list six requests for injunctive relief.  (ECF No. 9.)  Additionally, on February 28, 2019 Mattox filed a "Motion to Enter in Evidence," in which he requests the court "enter evidence of a dvd . . . of an encounter with [a] security officer named 'officer officer' on the day of 2-27-2019."  (ECF No. 10.)  For purposes of analysis, the court will assume that Mattox is requesting leave to amend his complaint to add the additional claims for injunctive relief and attach the video footage as an

9

exhibit to his original complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure.

Rule 15(a)(2) provides that "the court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). Under Rule 15(a), the court has some discretion in allowing amendments. Factors to consider include futility of amendments and prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). A motion for leave to amend may be denied for futility if the pleading as amended could not withstand a motion to dismiss. *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005)(citation omitted).

This court has recommended that Mattox's 42 U.S.C. § 1983 claim against MATA be dismissed because Mattox failed to state a claim for which relief may be granted under § 1983. Mattox's proposed additional claims for injunctive relief against MATA suffer from the same deficiencies as his original complaint. With regard to the alleged "encounter with [the] security officer" that Mattox refers to in his "Motion to Enter in Evidence," (ECF No. 10), Mattox fails to identify any municipal policy or custom of MATA that deprived him of his constitutional rights, thereby failing to state a claim for which relief may be granted against the MATA. Because these additional claims would not withstand a motion to dismiss, it would be futile to allow Mattox to amend his complaint. Therefore, Mattox's "Motion to

10

Annex More Injunctions" and "Motion to Enter in Evidence" are denied.

### III. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the court recommends that Mattox's complaint be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Further, Mattox's "Motion for Civil Lawsuit," (ECF No. 8), "Motion to Annex More Injunctions," (ECF No. 9), and "Motion to Enter Evidence," (ECF No. 10), are denied.

Respectfully submitted this 8th day of March, 2019.

    _s/ Diane K. Vescovo_____
    DIANE K. VESCOVO
    Chief United States Magistrate Judge

### NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b)(2).  Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.